TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | |
| of | : | |
| | : | |
| JOHN K. VAN DE KAMP | : | No. 87-904 |
| Attorney General | : | |
| | : | January 5, 1988 |
| JACK R. WINKLER | : | |
| Assistant Attorney General | : | |

-----------------------------------------------------------------

THE HONORABLE PETER R. CHACON, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Does a city manager, an assistant city manager, or a citizens' review board have a right to inspect citizens' complaints against city police officers on file in the internal affairs division of the police department?

CONCLUSION

A city manager, an assistant city manager, and a citizens' review board have a right to inspect and review citizens' complaints against city police officers on file in the internal affairs division of the police department when they are authorized by charter provision, ordinance or regulation of the city to investigate such complaints or to advise, impose or review discipline of police officers for misconduct alleged in such complaints but not if they are not so authorized.

ANALYSIS

Section 832.5 of the Penal Code provides:

"(a)  Each department or agency in this state which employs peace officers shall establish a procedure to investigate citizens' complaints against the personnel of such departments or agencies, and shall make a written description of the procedure available to the public.

"(b)  Complaints and any reports or findings relating thereto shall be retained for a period of at least five years."

Section 832.7[1] provides:

"Peace officer personnel records and records maintained pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury or a district attorney's office."[2]

The question presented is whether citizens' complaints against a city's police officers on file in the internal affairs division of the police department are subject to inspection and review by the city manager, an assistant city manager, and a citizens' review board even though state law specifies that the complaints are "confidential." We will conclude that their access to such complaints depends upon an authority or duty to perform some task requiring inspection of such complaints which in turn depends upon provisions in the charter, ordinances or regulations of the city.

By enacting section 832.5 the Legislature mandated law enforcement agencies in the state to establish a procedure to investigate citizens' complaints against their officers. (Pena v. Municipal Court (1979) 96 Cal.App.3d 77, 82.) The policy underlying the statute is to encourage communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing. ( Id.) Thus section 832.5 contemplates that citizens' complaints against police officers be received and investigated and that if misconduct is discovered appropriate discipline will be imposed.

Section 832.5 leaves to each police department the form the required procedure will take, including who will receive the citizens' complaints and who will investigate them. As the question suggests the procedure often calls for the citizens' complaints to be delivered to and investigated by an internal affairs unit in the police department. However, nothing in section

---

[1]All references hereafter to the Penal Code are by section number only.

[2]"Peace officer personnel records" are defined to include citizens' complaints filed against an officer (section 832.8) and "records maintained pursuant to Section 832.5" also include citizens' complaints filed against an officer. Evidence Code sections 1043 and 1046 allow for the discovery of citizens' complaints upon written motion showing good cause for disclosure. (See People v. Memro (1985) 38 Cal.3d 658, 676-685.)

832.5 restricts the required procedure to the personnel of the police department.  We see no reason why the required procedure could not involve the city manager, an assistant city manager or a citizens' review board.

Section 832.7 imposes a requirement of confidentiality on the citizens' complaints against police officers received and retained pursuant to section 832.5.  Section 832.7 contains two express exceptions to the confidentiality requirement.  The first provides that parties in criminal and civil proceedings may gain access to such citizens' complaints by discovery procedures set forth in the Evidence Code.  The second exception is an investigation of the conduct in question by the district attorney or a grand jury.  The question is concerned with inspection of the citizens' complaints without recourse to the procedures involved in either of these express exceptions.

Where a statute confers powers or duties in general terms, all powers and duties incidental and necessary to make such legislation effective are included by implication.  (Clay v. City of Los Angeles (1971) 21 Cal.App.3d 577, 585.)  The requirement in section 832.5 that citizens' complaints be investigated necessarily requires that those designated to do the investigating will have access to the complaints.  On this basis we interpret section 832.7 to include a third exception to the requirement of confidentiality by necessary implication  giving access to the citizens' complaints to those designated in the departmental procedure established pursuant to section 832.5 to investigate such complaints.

The legislative purpose of section 832.5 is not merely to investigate citizens' complaints against police officers to find out what happened out of curiosity.  The Legislature contemplated that when police misconduct was discovered in such investigations, appropriate disciplinary action would be taken against the errant officer.  The purpose of the statute is to "investigate and remedy wrongdoing".  (See Pena v. Municipal Court, supra, at p. 82.)  To accomplish the purpose of remedying wrongdoing those having the authority  to discipline police officers for their misconduct must have access to the citizens' complaints and the information produced by their investigation, all of which is made confidential by section 832.7.  Not only is this information essential to those who actually impose such discipline, it is also essential to those who have the duty or authority to advise or review such discipline. We therefore interpret section 832.7 to include a fourth exception to the requirement of confidentiality by necessary implication giving access to the citizens' complaints to those who have the duty or authority to advise, impose or review discipline upon a police officer for misconduct revealed by the investigation of the citizen's complaint.

Whether, in a particular city, the city manager, assistant city manager or a citizens' review board has the

authority to investigate citizens' complaints against police officers or to advise, impose or review disciplinary measures against police officers depends upon local legislation and regulation as well as state law. The California Constitution and state statutes authorize great flexibility and local determination regarding the allocation of municipal powers and duties among city officers.

The government of a general law city is vested in a city council of five members, a city clerk, a city treasurer, a chief of police, a fire chief and other officers and employees as provided by law. (Gov. Code, § 36501.) The city council shall appoint the chief of police. (Gov. Code, § 36505.) The police department of a city is under the control of the chief of police (Gov. Code, § 38630) and the chief of police may appoint one or more police officers subject to the approval of the city council. (Gov. Code, § 38631.) Many variations from this standard form of general law city government are authorized. Government Code section 34004 provides that where any duty is imposed upon a municipal officer by any law of this State the governing body of a city may, by ordinance, impose such duty or a portion thereof upon such other officer of such city as is charged by city charter or applicable general law with the performance of duties of the same character in that city. The city council or the electorate may enact an ordinance adopting a city manager form of government for the city (Gov. Code, § 34851) in which a city manager appointed by the city council has the authority to appoint and dismiss the chief of police and other subordinate appointive officers and employees except the city attorney. (Gov. Code, § 34856.)

Article XI, section 5 authorizes a city charter to provide for ordinances and regulations governing "municipal affairs" which supersede state law and more specifically provides that a city charter may provide for "the constitution, regulation, and government of the city police force" and for "the manner in which . . . the several municipal officers and employees . . . shall be elected or appointed, and for their removal . . ."

The constitutional provisions and statutes cited above would appear to provide ample authority for the electorate or legislative body of a California city to provide in the city charter or by city ordinance that the city manager, an assistant city manager or a citizens' review board has authority to investigate citizens' complaints against police officers or that they have authority to advise, impose or review discipline imposed on police officers for misconduct alleged in such complaints. Furthermore, Penal Code section 832.5 requiring each city police department to establish a procedure to investigate citizens' complaints against police officers itself authorizes such procedure to include investigation of such complaints by the city manager, an assistant city manager or a citizens' review board.

We do not undertake any analysis or interpretation of local charters, opinions or regulations in this opinion. The long standing practice of this office has been to decline requests for opinions when the questions are at issue in pending litigation, call for interpretation of proposed legislation or call for the interpretation of local charters, ordinances or regulations. (See the foreword to 64 Ops.Cal.Atty.Gen.) Instead we interpret and apply state law as to both those cities which do and those which do not have local laws which authorize the city manager, or assistant city manager or a citizens' review board to investigate citizens' complaints against police officers or which authorize them to advise, impose, or review disciplinary action against police officers for misconduct alleged in such complaints.[3]

In answer to the question presented we conclude that a city manager, an assistant city manager and a citizens' review board has a right to inspect citizens' complaints against police officers on file in the internal affairs division of the police department if they are authorized by charter provision, ordinance or regulation of the city to investigate such complaints or to advise, impose or review discipline imposed upon police officers for misconduct alleged in such complaints but not if they do not have such authority.

We think it is important to add a note of caution. Where the city manager, assistant city manager or citizens' review board have authority to inspect citizens' complaints against peace officers they are required by Penal Code section 832.7 to maintain the confidentiality of such complaints and are precluded from disclosing the contents thereof to members of the public. (Cf. Parrott v. Rogers (1980) 103 Cal.App.3d 377, 383.)

* * * * *

---

[3]We leave to local determination which category a particular city falls under since this will involve an interpretation of local law. The background materials submitted with this opinion request indicate that it was the City of San Diego which prompted the request. We note that the San Diego City Attorney has rendered an opinion that the current city charter does not authorize access to citizens' complaints against police officers by the city manager or by a citizens' review board. Members of the San Diego bar have rendered a contrary opinion. We do not attempt to resolve that conflict in this opinion.